**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

HENRY TAYLOR,

Petitioner, : Case No. 2:26-cv-00993

- vs - Chief Judge Sarah D. Morrison
Magistrate Judge Michael R. Merz

TIM SHOOP, WARDEN,
Ross Correctional Institution,

:

Respondent.

---

# ORDER GRANTING *IN FORMA PAUPERIS* STATUS; REPORT AND RECOMMENDATIONS

---

This habeas corpus action under 28 U.S.C. § 2254, brought *pro se* by Petitioner Henry Taylor, is before the Court upon filing, assignment to Chief Judge Morrison, and referral to the undersigned pursuant to Amended General Order 22-05.

Petitioner's Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) is supported by his Application for that status and is hereby GRANTED. The Clerk shall detach the Petition and docket it separately.

Upon preliminary review of the case pursuant to Rule 4 of the Rules Governing § 2254 Cases, the undersigned concludes the Petition is barred by the statute of limitations, codified at 289 U.S.C. § 2244(d). That statute provides that the limitations period will begin upon conclusion of direct review plus the ninety days thereafter in which an imprisoned person may seek review by

the United States Supreme Court. Petitioner refers the Court to his case in the Ohio Supreme Court, Case No. 2024-0997. Upon visiting that court's website at https://www.supremecourtohio.gov on August 18, 2026, the undersigned learned that on September 3, 2024, the Ohio Supreme Court entered the following:

> **2024-0997. State v. Taylor.**
> Portage App. No. 2021-P-0052, 2022-Ohio-3611. On motion for leave to file delayed appeal. Motion denied.
> Fischer, J., dissents.

Thus Petitioner's direct appeal became final on September 3, 2024. His time to seek review in the United States Supreme Court therefore expired December 2, 2024. His filing in this Court on August 17, 2026, is far more than a year late.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

August 19, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #