**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**HENRY TAYLOR,**

**Petitioner,** :

**v.**

**TIM SHOOP, WARDEN,**
**Ross Correctional Institution,**
:
**Respondent.**

**Case No. 2:26-cv-993**
**Chief Judge Sarah D. Morrison**
**Magistrate Judge Michael R. Merz**

## OPINION AND ORDER

Henry Taylor, proceeding without the assistance of counsel, filed a Petition under 28 U.S.C. § 2254 in August 2026.[1] (Pet., ECF No. 2.) The case is now before the Court for consideration of Mr. Taylor's Objection (Obj., ECF No. 4) to the Magistrate Judge's Report and Recommendations (R&R, ECF No. 3) recommending dismissal of his Petition as barred by the statute of limitations.

As required by 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the Court has conducted a *de novo* review of the R&R with particular attention to those portions to which Mr. Taylor objects. The R&R notes that Mr. Taylor's conviction became final on direct review on December 2, 2024, when his time to seek review in the United States Supreme Court expired. (R&R, PAGEID # 43.) On that day, the one-year statute of limitations began to run, meaning that it expired on December 2, 2025. (*Id.*) Because Mr. Taylor did not file his Petition until

[1] Although Mr. Taylor submitted a civil complaint form instead of a § 2254 habeas petition form, the Court construes his filing as a habeas petition.

August 17, 2026 (more than eight months later), the Magistrate Judge found his Petition untimely. (*Id.*)

In his Objection, Mr. Taylor does not dispute any of these dates. Instead, he describes his difficulties receiving mail and accessing legal materials at his place of incarceration. (*See* Obj., PAGEID ## 45–46.) He also insists that he is not experienced in the law and does not understand many of the at-issue legal terms and concepts. (*Id.*)

Neither of these arguments is persuasive. Mr. Taylor does not specifically explain how his legal mail and filing challenges caused his failure to timely submit the instant Petition. And though the Court sympathizes with his lack of legal experience and his attempts to navigate the justice system, his ignorance of the filing deadline for § 2254 petitions does not excuse his failure to meet it. *See, e.g.*, *McDonald v. Welch*, No. 3:10 CV 16, 2011 WL 1195795, at *4 (N.D. Ohio Jan. 20, 2011) ("A lack of legal training, poor education, and even illiteracy do not provide reason to … excuse late filing." (citing *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002))), *R&R adopted*, 2011 WL 1219249 (N.D. Ohio Mar. 29, 2011). This is particularly true considering that he was aware of the factual predicate of his claims during the final stages of his direct review. (*See* ECF No. 4-1); *see generally* *State v. Taylor*, 198 N.E.3d 956 (Ohio Ct. App. 2022); *State v. Taylor*, No. 2024-Ohio-0997 (Supreme Court of Ohio).[2]

---

[2] The Court takes judicial notice of these state-court appellate cases. *See* *Lyons v. Stovall,* 188 F.3d 327, 332 n.3 (6th Cir. 1999) (finding that courts may take judicial notice of existence and procedural posture of proceedings in other courts).

Nor has Mr. Taylor demonstrated that equitable tolling is appropriate here.[3] "[T]he doctrine of equitable tolling allows a federal court to toll a statute of limitations when a litigant's failure to meet a legally-motivated deadline unavoidably arose from circumstances beyond that litigant's control." *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005) (internal quotation marks and citation omitted). A habeas petitioner is entitled to equitable tolling if he shows that (1) he has pursued his rights diligently; and (2) some extraordinary circumstance prevented timely filing. *Holland v. Fla.*, 560 U.S. 631, 649 (2010); *see also Cobas*, 306 F.3d at 443 (citation omitted) (listing factors for consideration). "Equitable tolling is granted sparingly and is evaluated on a case-by-case basis[.]" *Keeling*, 673 F.3d at 462.

Here, Mr. Taylor's lack of legal training and difficulties accessing the legal system by virtue of his imprisonment are not extraordinary circumstances justifying equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004).

---

[3] Even if equitable tolling was proper, Mr. Taylor's claims may be procedurally defaulted. He failed to timely appeal to the Supreme Court of Ohio—albeit because his appellate counsel died, thereby depriving him of notice that the lower appellate court affirmed his conviction—and the Supreme Court of Ohio denied his motion for leave to file a delayed appeal. (*See* ECF No. 2, PAGEID # 37); *see generally Taylor*, No. 2024-Ohio-0997. That denial likely constitutes a procedural ruling sufficient to bar the Court's review of his Petition. *See Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004) (concluding that petitioner's grounds for relief were procedurally defaulted when leave to file delayed appeal denied because "the applicable Ohio court rules indicate that the denial of a motion for a delayed appeal is a procedural ruling, not a ruling on the merits. … A petitioner procedurally defaults claims for habeas relief if the petitioner has not presented those claims to the state courts in accordance with the state's procedural rules" (citation omitted)).

Moreover, the extent to which he diligently pursued his rights after the Supreme Court of Ohio denied his request for leave to file a delayed appeal in September 2024 is unclear—for instance, in seeking to excuse the untimeliness of his Petition, he offers many of the same reasons that he presented to the Supreme Court of Ohio two years prior. *See generally Taylor*, No. 2024-Ohio-0997. He does not adequately explain his lengthy delay in filing his Petition after learning of the Supreme Court of Ohio's decision. Consequently, he has not pointed to sufficient facts to equitably toll the statute of limitations.

For these reasons, the Court **OVERRULES** Mr. Taylor's Objection (ECF No. 4) and **ADOPTS and AFFIRMS** the Magistrate Judge's R&R (ECF No. 3). Mr. Taylor's Petition (ECF No. 2) is **DENIED**.[4]

Because the Court is not persuaded that reasonable jurists would disagree with this conclusion, the Court **DECLINES** to issue a certificate of appealability, and the Court **CERTIFIES** to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

[4] A court must give a petitioner notice and an opportunity to show cause before it *sua sponte* denies as untimely a § 2254 motion on an initial screen under Rule 4 of the Rules Governing Section 2254 Cases. *See Shelton v. United States*, 800 F.3d 292, 294 (6th Cir. 2015). That requirement is met where, as here, a magistrate judge recommends dismissal on timeliness grounds and the petitioner has the opportunity to object to that recommendation before a district court enters judgment. *See Wogoman v. Abramajtys*, 243 F. App'x. 885, 890 n.4 (6th Cir. 2007).